IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

07/13/2026

LAURA A. AUSTIN, CLERK
BY: _/s/ Amy Fansler_
DEPUTY CLERK

Bradley Pollack,                          )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )        Civil Action No. 5:25-cv-00108
                                          )
U.S. Department of Justice,               )
                                          )
            Defendant.                    )

**MEMORANDUM OPINION**

Plaintiff Bradley Pollack brings this suit to compel the Department of Justice ("DOJ")

to search for and disclose to him files from government investigations in Page County, Virginia

in the early 2000s.  Pollack contacted the U.S. Attorney's Office several times from 2009

through 2025 regarding these investigations and claims that the government's lack of response

violated the Freedom of Information Act ("FOIA").  The DOJ argues that the court lacks

subject matter jurisdiction to review Plaintiff's claims.

This matter is before the court on the DOJ's motion to dismiss Plaintiff's complaint,

(Dkt. 7).  For the following reasons, the court will grant the DOJ's motion and dismiss the

complaint.

I.    **Background**[1]

Plaintiff Bradley Pollack began contacting the U.S. Attorney's Office for the Western District of Virginia ("USAO") in 2009 regarding the former Page County Sheriff Daniel Presgraves.  (Dkt. 1-1 at 2–6.)  On January 13, 2012, Pollack requested from the USAO "records relating to all criminal activity surrounding the Battle Creek Landfill investigated by the [USAO]."  (Compl. ¶ 5 (Dkt. 1); *see* Dkt. 1-1 at 1–2.)  Pollack had stated that Presgraves allowed "illegal dumpling" to occur at this landfill.  (Dkt. 1-1 at 4.)  In response to the January 13, 2012 request, the USAO asked for more clarity on what exact information Pollack was requesting.  (Dkt. 1-1 at 1.)  Pollack does not allege that he responded to this email.

Sometime in the next thirteen years, Pollack again requested information from the USAO.  (Dkt. 1-2.)  In a letter to Pollack dated August 11, 2025, the USAO acknowledged receipt of this request.  (*Id.*)  In that letter, the USAO invited him to submit a Freedom of Information Act ("FOIA") and/or Privacy Act request if he was seeking the public release of records.  (*Id.*)

On September 12, 2025, the Executive Office for United States Attorneys ("EOUSA"), on behalf of the DOJ, acknowledged receipt of a FOIA request from Pollack.  (Compl. ¶ 6; Dkt. 1-3.)  The DOJ assigned the request a tracking number, assigned the case to "the complex track," and invoked the "unusual circumstances" provision of FOIA, extending its time limit to respond by ten working days.  (Compl. ¶¶ 6–7; Dkt. 1-3 at 1.)  By the time Pollack filed his

---

[1] The facts are taken from Pollack's complaint and attached exhibits and are accepted as true when addressing a motion to dismiss.  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *Gaines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

complaint on October 7, the DOJ had not responded to Pollack's request.  (Compl. ¶ 8.)

Pollack alleges that the DOJ violated several provisions of FOIA and asks the court to compel

the DOJ to search for and disclose relevant records.  (*Id.* at 5.)

The DOJ filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and

supporting brief on February 26, 2026.  (Dkt. 7; Def.'s Br. (Dkt. 8).)  Pollack responded on

March 16, 2026, (Pl.'s Resp. (Dkt. 11)), and the DOJ replied three days later, (Def.'s Reply

(Dkt. 14)).

## II.    Standard of Review

A motion to dismiss under Rule 12(b)(6)[2] tests the legal sufficiency of a complaint.

*Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  It does not "resolve contests

surrounding the facts or the merits of a claim."  *Doriety for Est. of Crenshaw v. Sletten*, 109 F.4th

670, 679 (4th Cir. 2024) (internal quotation marks omitted) (quoting *Megaro v. McCollum*, 66

F.4th 151, 157 (4th Cir. 2023)).  When reviewing a Rule 12(b)(6) motion to dismiss, the court

must "accept as true all well-pleaded facts in a complaint and construe them in the light most

favorable to the plaintiff."  *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir.

2017).  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is

plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] For reasons discussed in Part III of this opinion, the court will treat the DOJ's motion to dismiss for lack of subject
matter jurisdiction as a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ.
P. 12(b)(6).

inference that the defendant is liable for the misconduct alleged." *Id.* To avoid dismissal under Rule 12(b)(6), the complaint must allege more than "labels and conclusions" or "naked assertion[s]" unsupported by "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

The court must liberally construe pleadings filed by a *pro se* party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The liberal construction rule "allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). That said, liberal construction "does not transform the court into an advocate" for *pro se* parties. *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990). *Pro se* parties, like all litigants, must comply with the pleading requirements in the Federal Rules of Civil Procedure. *Bing v. Brivo Sys.*, 959 F.3d 605, 618 (4th Cir. 2020).

### III.    Analysis

Pollack alleges three counts against the DOJ under the FOIA statute. The DOJ argues that the court does not have subject matter jurisdiction over any of these claims because (1) any claim based on Pollack's 2012 request is barred by the statute of limitations; (2) Pollack's 2012 request for information is not a proper FOIA request; and (3) Pollack failed to exhaust his administrative remedies before filing this suit. (*See* Def.'s Br. at 4–9.) Pollack does not respond to any of these arguments in substance in his response. (*See* Pl.'s Resp.)

At the outset, the court notes that the DOJ's arguments are not properly considered as jurisdictional. The statute of limitations governing FOIA actions against the federal

government comes from 28 U.S.C. § 2401(a). *Infra.* Part III.A. This provision lacks a "jurisdictional clear statement," and therefore should be considered a procedural, not jurisdictional, requirement under recent Supreme Court precedent. *See Wilkins v. United States,* 598 U.S. 152, 158–159 (2023) (quoting *United States v. Wong,* 575 U.S. 402, 410 (2015)); *see also Jackson v. Modly,* 949 F.3d 763, 776–77 (D.C. Cir. 2020) ("Accordingly, we hold today that the Supreme Court's decision in *Kwai Fun Wong* overrules our precedent treating § 2401(a)'s statute of limitations as jurisdictional."). Likewise, "FOIA's administrative exhaustion requirement is not a jurisdictional one." *Louise Trauma Ctr. LLC v. U.S. Citizenship and Immigr. Servs.,* 147 F.4th 495, 499 n.1 (4th Cir. 2025). Accordingly, the court will treat the DOJ's motion as one under 12(b)(6).[3]

## A. Statute of Limitations

Civil actions against the United States are subject to a statute of limitations period of six years from when the right of action first accrues. 28 U.S.C. § 2401(a). This statute of limitations controls any such action if there is no timing provision in a more specific statute which displaces it. *Corner Post, Inc. v. Bd. of Governors of the Fed. Rsrv. Sys.,* 603 U.S. 799, 808 (2024). FOIA does not contain a specific statute of limitations provision, and courts have therefore found the six-year limitations period in § 2401(a) to apply to FOIA actions against the United States. *See, e.g., Borromeo v. Mayorkas,* No. 1:22-cv-00289, 2023 WL 2249966, at *4

---

[3] Courts have construed motions to dismiss under Rule 12(b)(1) to be brought under Rule 12(b)(6) if the movant's arguments are not properly analyzed in jurisdictional terms. *See, e.g., Majied v. United States,* No. 7:05-cv-00077, 2007 WL 1170628, at *1 n.1 (W.D. Va. Apr. 18, 2007) (construing a 12(b)(1) motion as a 12(b)(6) motion because it argued that the plaintiff's claim was barred by the statute of limitations); *Dennie v. MedImmune, Inc.,* No. PX 16-3643, 2017 WL 2930462, at *2 (D. Md. July 10, 2017) (construing a 12(b)(1) motion as a 12(b)(6) motion because "the existence of a valid arbitration clause does not technically deprive the Court of subject matter jurisdiction").

(E.D. Va. Feb. 27, 2023); *Calcutt v. United States*, No. Civ. H-98-2108, 1998 WL 851358, at \*5 (D. Md. Oct. 30, 1998).

Even if Pollack's email to the USAO on January 13, 2012, was a proper FOIA request,[4] (*see* Dkt. 1-1 at 1–2), any claim based on this request would still be barred by the statute of limitations. An agency has 20 working days to determine whether to comply with a FOIA request. 5 U.S.C. § 552(a)(6)(A)(i). If the DOJ failed to respond by February 10, 2012, Pollack would have constructively exhausted his administrative remedies on that day, allowing him to file suit. *See* 5 U.S.C. § 552(a)(6)(C)(i). Pollack asserts the DOJ did not respond, (Compl. ¶ 8), which the court accepts as true at this stage of litigation. Pollack filed this suit in October 2025, which is far longer than six years after February 2012. Pollack fails to allege any facts that suggest a tolling of the statute of limitations, and he does not respond to the DOJ's statute of limitations argument. Accordingly, the court finds that any of Pollack's claims based on his 2012 e-mail communications—regardless of whether the request was proper under FOIA—are untimely, and those claims will be dismissed.

## B. Exhaustion of Administrative Remedies

It is unclear whether Pollack bases his claims on his request for information in 2012, in 2025, or both. In his complaint, Pollack only alleges that he filed a FOIA request in 2012. (*See* Compl. at 1, ¶ 5.) As explained above, any claims based on his 2012 request are barred by

---

[4] The court does not reach whether Pollock's 2012 email to the USAO was a proper FOIA request.

the statute of limitations.  Construing Pollack's allegations liberally, the court will interpret his complaint to assert FOIA claims based on his 2025 request as well.[5]

A FOIA requester who is not satisfied with an agency's response to a request may file an administrative appeal.  5 U.S.C. § 552(a)(6)(A)(i).  If they are still not satisfied with the outcome of the appeal, they may seek judicial review of any adverse decision.  *Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 819–20 (4th Cir. 2013).  In other words, "before proceeding to federal court, a FOIA requester must exhaust remedies available through FOIA's administrative process."  *Louise Trauma*, 147 F.4th at 499 (citing *Coleman*, 714 F.3d at 823).  That said, if an agency fails to comply with the timing requirement for responding to a request, the requester is deemed to have constructively exhausted their administrative remedies and may commence litigation immediately.  5 U.S.C. § 552(a)(6)(C)(i).  Litigation is not an alternative to the FOIA administrative appeals process; when an agency responds to a request in a timely manner and the requester "simply opt[s] out" of the appeal process, dismissal is appropriate.  *See Bartko v. United States Dep't of Just.*, No. Civ. 13-1135, 2014 WL 12787640, at *5 (D.D.C. Sep. 9, 2014).

Pollack asserts that the DOJ failed to "make the requisite determination" within FOIA's statutory response period.  (Compl. ¶¶ 14–15.)  But his own allegations foreclose that argument.  Pollack alleges that the DOJ invoked the "unusual circumstances" exception,

---

[5] Pollack does not allege when he filed his 2025 request.  He attaches to his complaint an August 11 letter from the USAO inviting him to file a FOIA request and a September 12 letter from the DOJ acknowledging receipt of a FOIA request. (Dkts 1-2; Dkt. 1-3.)  The DOJ claims that Pollack filed a FOIA request on September 5, 2025, (Def.'s Br. at 2), and Pollack does not dispute that assertion.  Accordingly, the court infers that Pollack filed the FOIA request on September 5, 2025.

which extended its 20-day response period to 30 working days.  (Compl. ¶¶ 9–10.)  "Working days" exclude "Saturdays, Sundays, and legal public holidays."  5 U.S.C. § 552(a)(6)(A)(i). Thirty working days from September 5, 2025, is October 20, 2025.  Pollack filed suit on October 7, 2025, which was before the DOJ's response deadline had passed.  It would have been impossible, then, for Pollack to have constructively exhausted his administrative remedies before October 7.  Accordingly, it is clear from the face of Pollack's complaint that he failed to exhaust administrative remedies for the 2025 FOIA request, and dismissal is appropriate.  *See Dagulo v. United States*, No. 2:18-cv-00366, 2020 WL 2846488, at *5 (E.D. Va. Apr. 17, 2020), *aff'd*, 829 F. App'x 640 (4th Cir. 2020) (dismissing for failure to exhaust administrative remedies); *see also Crandell v. United States*, No. 5:21-cv-00050, 2022 WL 4564587, at *7 (W.D. Va. Sep. 29, 2022) (same).

* * *

Pollack focuses on the fact that the DOJ failed to conduct an adequate search and is wrongfully withholding responsive records.  (Compl. ¶¶ 17, 19.)  He claims that the DOJ's response to his 2025 request—that a search yielded no responsive records—is "false."  (Pl.'s Resp. at 1; *see* Dkt. 8-4 at 1.)  But the proper place to raise these substantive complaints is in an administrative FOIA appeal before commencing litigation in federal court.

## IV.    Conclusion

For these reasons, the court will grant Defendant's motion to dismiss.  (Dkt. 7).  All claims will be dismissed without prejudice.

An appropriate Order will issue.

**ENTERED** this 13th day of July, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE